**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellant,**

v.

**TIN, INC., a Delaware corporation, dba Inland Paperboard and Packaging, Inc., dba Temple–Inland, Defendant–Appellee.**

No. 08–16749.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2009.

Filed Oct. 20, 2009.

Elizabeth Ellen Theran, Equal Employment Opportunity Commission, Office of General Counsel, Washington, DC, for Plaintiff–Appellant.

Christopher Degroff, Esquire, Camille Olson, Esquire, Cintra De Noyelles Bentley, Esquire, Seyfarth Shaw, LLP, Chica-

go, IL, Fritz Joseph Aldrine, Esquire, Temple–Inland, Austin, TX, Stacy Meryl Gabriel, Esquire, Gabriel & Ashworth, PLLC, Scottsdale, AZ, for Defendant–Appellee.

Before: WALLACE, THOMPSON and THOMAS, Circuit Judges.

## MEMORANDUM *

The Equal Employment Opportunity Commission (EEOC) appeals from the district court's summary judgment for employer TIN, Inc. (TIN) on the EEOC's Age Discrimination in Employment Act (ADEA) claims arising out of TIN's termination of Neal, McGraw and Vanecko. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004), and we reverse.

■ The district court properly held that the EEOC established a prima facie case of disparate treatment under the ADEA as to Neal, McGraw and Vanecko. However, TIN argues that the EEOC did not make a showing that Neal was performing his job satisfactorily, as is required at the prima facie stage of an ADEA analysis. "The requisite degree of proof necessary to establish a *prima facie* case for … ADEA claims on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). The EEOC provided evidence that Neal

never received a negative performance review or warning that his job was in jeopardy; that his supervisors, Garza and Mishurda, were satisfied with his plans for the plant; and that Garza told Neal he was satisfied with Neal's performance. This is sufficient to satisfy the minimal burden of a prima facie case.

■ TIN also argues that, for all three employees, the EEOC failed to establish the last part of its prima facie case: that each was discharged under circumstances giving rise to an inference of age discrimination. This can be satisfied by showing the employee was "replaced by [a] substantially younger employee[ ] with equal or inferior qualifications;" but, where the employee's job was eliminated and thus there is no "replacement," it may also be established by "showing the employer had a continuing need for the employees' skills and services in that their various duties were still being performed." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir.2008) (internal citations omitted).

Here, Neal was replaced by Garza, who was substantially (15 years) younger, but TIN argues that Garza's qualifications were not equal or inferior to Neal's; rather, TIN urges that Garza was more qualified than Neal because (1) Garza held a higher-ranked position than Neal, in which he oversaw multiple plants instead of Neal's one, (2) "Garza had previously been involved in saving two other unprofitable TIN plants," while Neal had not, and (3) Garza was ultimately able to make the Phoenix plant profitable after Neal failed to do so. While Garza was higher-ranked than Neal and oversaw multiple plants, it does not necessarily follow that Garza was

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more qualified to run the Phoenix plant, which Neal had done for six years. Garza's duties as regional director differed from those of a plant manager, and an executive is not necessarily qualified for a job merely because the position reports to him. Likewise, while the Phoenix plant became profitable after Garza took over, the fact that a facility was profitable under one manager and not another does not mean that the two managers' *qualifications* differed. Finally, TIN's assertion that Garza had "been involved in saving" two other unprofitable plants is based on Mishurda's testimony that Garza had "turned [the Los Mochis] plant around" and "helped turn [the Imperial Valley] plant around," and on Garza's own description of how he "turn[ed] ... around" the Imperial Valley plant. Beyond Mishurda's conclusory statement, there is little evidence of Garza's success at the Los Mochis plant; and Garza admitted the Imperial Valley plant was not profitable while he was plant manager and only became profitable more than a year after he left that position. Given these facts, the EEOC raised a disputed material fact for a factfinder to determine.

■ Because McGraw's and Vanecko's positions were eliminated, the EEOC may establish this requirement of its prima facie case by "showing the employer had a continuing need for [the employee's] skills and services in that his various duties were still being performed." *See Wallis,* 26 F.3d at 891 (internal citations omitted). McGraw's logistics manager position was eliminated and his duties were redistributed to the production manager and sales manager. The production manager at the time, Felipe Juarez, was almost 20 years younger than McGraw, and the sales manager at the time, Martin Monkewicz, was 23 years younger. It is also undisputed that when TIN eliminated Vanecko's plant controller position, its functions were consolidated into the regional controller position, which was held by someone 24 years Vanecko's junior. Thus, the EEOC established the fourth requirement of its prima facie case as to McGraw and Vanecko.

■ The next question is whether the EEOC presented sufficient evidence that TIN's articulated reasons for the terminations were pretextual. *E.E.O.C. v. Boeing Co.,* 577 F.3d 1044, 1049 (9th Cir.2009). The EEOC submitted evidence that Mishurda and Garza, two supervisors with decision-making authority over Neal, McGraw and Vanecko, made comments from which a jury could find that they harbored discriminatory animus toward older workers. Regardless of whether these comments are considered direct evidence or substantial and specific indirect evidence, the EEOC has provided sufficient evidence from which a jury could find, "by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action[s]." *See Gross v. FBL Fin. Servs., Inc.,* ── U.S. ──, 129 S.Ct. 2343, 2352, 174 L.Ed.2d 119 (2009).

Therefore, we reverse the summary judgment and remand the case to the district court for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**